**In the Matter of the ESTATE OF Hattie L. THIEL, Deceased.**

**Melissa D. Briscoe and Marsha C. McDonald, Petitioners/Appellees,**

v.

**John C. Morris, Personal Representative of the Estate of Hattie L. Thiel, Deceased, Respondent/Appellant,**

and

**Lois R. Boyett, Beverly Harris, Helen Morris and Debbie Smart, Respondents.**

**No. 104,300.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 29, 2008.

Certiorari Denied Sept. 22, 2008.

William A. Gossett, Duncan, OK, for Petitioners/Appellees.

Henry C. Bonney, Ronald E. Corley, Bonney, Corley, L.L.P., Duncan, OK, for Respondents/Appellant.

ROBERT DICK BELL, Judge.

¶ 1 Respondent/Appellant, John C. Morris, Personal Representative of the Estate of Hattie L. Thiel, Deceased, appeals the trial court's order denying his motion for attorney fees and costs.[1] The personal representative incurred these attorney fees and expenses while successfully defending against a will contest brought by Petitioners/Appellees, Melissa D. Briscoe and Marsha C. McDonald (Contestants). Finding statutory authority for an award of attorney fees and expenses against an unsuccessful will contestant in a post-admission to probate proceeding, we reverse and remand for further proceedings consistent with this opinion.

¶ 2 Hattie L. Thiel died testate. Decedent's last will and testament dated December 14, 2001, was admitted to probate on March 22, 2005, and John C. Morris was appointed personal representative. After the will was admitted to probate, Contestants lodged a will contest alleging undue influence, duress and lack of testamentary capacity. The matter was set for trial. The trial court held Contestants lacked standing to contest the will and dismissed the will contest with prejudice. Contestants appealed the dismissal in Case No. 103,917, *In the Matter of the Estate of Hattie L. Thiel.* By an unpublished decision dated June 15, 2007, the Court of Civil Appeals affirmed the trial court. Certiorari was denied September 24, 2007, and the case was mandated October 5, 2007.

¶ 3 While the appeal was pending, the personal representative filed an amended motion for an award of costs and attorney fees

---

1. Although Boyett, Harris, Helen Morris, and Smart are occasionally referred to as "Respondents/Appellants" in the captions of the parties' appellate pleadings, none of these individuals were parties to the personal representative's motion for attorney fees and costs.

against Contestants. The personal representative contended he was entitled to attorney fees under 58 O.S.2001 § 66, which provides:

> The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate be confirmed. If the probate be annulled and revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs.

The trial court denied the personal representative's motion explaining it was unable to ascertain whether the Oklahoma Legislature intended to include attorney fees in § 66. Thus, absent clear statutory authority to award such fees, the trial court held it was unable to grant the personal representative's motion. The personal representative lodged the instant appeal.

■ ¶ 4 The dispositive issue on appeal is whether the trial court had the statutory authority pursuant to § 66 to award the personal representative the attorney fees and costs he incurred in successfully defending against Contestants' post-admission to probate will contest. An issue concerning statutory construction presents a question of law which we review *de novo*. *Stump v. Cheek*, 2007 OK 97, ¶ 9, *179 P.3d 606*, 612–613.

■ ¶ 5 Oklahoma follows the American Rule concerning the recovery of attorney fees. *Stump* at ¶ 13, 179 P.3d at 612–613. The American Rule provides each litigant shall pay for his or her own legal representation and the courts are without authority to assess attorney fees in the absence of a specific statute or contract. *Id.*

> For an award of attorney fees to be authorized under a particular statute, the authorization must be found within the strict confines of the statute. If it requires interpretation, it may be read in context with other parts of the statute and with the law in effect at the time of its enactment.

*Id.* at ¶ 13, 179 P.3d at 613. In the instant case, the personal representative relied on § 66 as statutory authority for his attorney fees award against Contestants.

¶ 6 Neither § 66 nor Oklahoma case law define the terms "fees and expenses." Thus, we must give these terms their plain and ordinary meanings. *Stump* at ¶ 9, 179 P.3d at 609.

> In order to avoid judicially imposing a different meaning from that the Legislature intended, courts will not place a strained construction on the plain words of a statute. General words in a statute must receive a general construction, unless restrained, explained, or amplified by particular words. A statute will be given a construction, if possible, which renders every word operative, rather than one which makes some words idle and meaningless.

*Stump* at ¶ 14, 179 P.3d at 613 (footnotes omitted).

■ ¶ 7 Although the words "fees and expenses" are not defined in the probate code or case law interpreting § 66, the plain meaning of these terms appears to refer, without limitation, to all fees and expenses which might be incurred in successfully defending against or prosecuting a will contest post-admission to probate, including court costs, litigation associated fees and expenses, and attorney fees. Indeed, neither party cited authority that excludes "attorney fees" from being considered as just one of the many potential fees associated with a post-admission to probate will contest proceeding. For the foregoing reasons, we hold § 66 necessarily includes attorney fees.

¶ 8 Our opinion is further bolstered by the fact that the phrase "all necessary expenses" in 58 O.S.2001 § 525[2] has been interpreted to include "attorney fees." *See Matter of Estate of Bartlett*, 1984 OK 9, 680 P.2d 369. Because both § 525 and § 66 were enacted together by the Legislature, we presume the Legislature intended for the word "expenses"

**2.** Section 525 entitled "Expenses and Compensation" provides:

He shall be allowed all necessary expenses in the care, management and settlement of the estate, and for his services such fees as are provided in this chapter, but when the dece-

dent, by his will, makes some other provision for the compensation of his executor, that shall be a full compensation for his services, unless by a written instrument, filed in the district court, he renounces all claim for compensation provided by the will.

to have the same meanings under both sections. Additionally, our holding herein supports the Legislature's clear purpose of encouraging resolutions of post-admission to probate will contests without necessarily subjecting the decedent's estate to the litigation expenses.

¶ 9 We hold the trial court, as a court of equity, had the statutory authority under § 66 to enter an award in favor of the personal representative and against Contestants for the attorney fees and costs incurred by the personal representative in successfully defending against Contestants' post-admission to probate will contest. For the foregoing reasons, the trial court's order denying the personal representative's motion is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

¶ 10 REVERSED AND REMANDED.

BUETTNER, P.J., and MITCHELL, V.C.J., concur.